JOHN YOUNG v. CONRAD HAHN.

No. 1163. Decided December 13, 1902.

**1.—Master and Servant—Vice-Principal.**

In cases not affected by the statute, the test of who is a vice-principal, for whose negligence the master will be held liable though the default is not in a duty personal to the master, is found in the power to employ and discharge the party injured by such negligence. (Pp. 100, 101.)

**2.—Same—Evidence.**

Evidence considered and held insufficient to raise an inference that a foreman, from whose negligence plaintiff claimed to have been injured, was a vice-principal of the master, and still less to justify the court in assuming that he was such vice-principal and the master liable for his default. (P. 102.)

Error to Court of Civil Appeals for the First District, in an appeal from Galveston County.

Hahn sued Young and recovered a judgment which was affirmed on appeal. Young then obtained writ of error.

*Jas. B. & Chas. J. Stubbs,* for plaintiff in error.—The decision that the trial court did not err in charging the jury that Young was responsible for the want of ordinary care of the foreman was equivalent to declaring that the foreman was a vice-principal. This question should have been left to the jury, as plaintiff in error asked be done, which requested charge was refused. Under several adjudications of this court, a foreman to be a vice-principal must not only be in immediate control of the injured workman, but must also have the power to employ and discharge him. Railway v. Williams, 75 Texas, 4; Railway v. Smith, 76 Texas, 611; Sweeney v. Railway, 84 Texas, 436; Railway v. Reed, 88 Texas, 445.

The trial court erred in refusing to give the following charge requested by defendant, and the appellate court was wrong in sustaining the ruling: "If you believe from the evidence that McBride was the vice-principal of John Young, that is, that he had the authority to employ and discharge, and superintend the other workmen, and if you further believe that he acted as a gangway man and that in so doing he was performing the duties of a fellow-servant of plaintiff, and not those of a vice-principal, and that while so engaged as a fellow-servant of plaintiff, if you find he was so engaged, he failed to exercise ordinary care and such failure resulted in injury to the plaintiff, then defendant

would not be responsible and the verdict should be in his favor." Railway v. Welch, 72 Texas, 298; Railway v. Reed, 88 Texas, 445; Railway v. Farmer, 73 Texas, 89; Wells Fargo Co. v. Page, 68 S. W. Rep., 528.

The court erred in refusing to sustain the assignment which claimed · error in the trial court's failure to charge that the employer would not be liable if the employe was injured through the want of ordinary care on the part of a fellow servant. This was an essential issue in the case and should have been submitted without a request. Railway v. Underwood, 64 Texas, 463.

*John Grothgar* and *D. D. McDonald,* for defendant in error.—The vice-principalship of McBride having been alleged in plaintiff's petition and established by affirmative proof on the trial below, and not having been questioned or denied in defendant's answer, or in the testimony adduced by him on the trial, was not such an isssue of fact in the case as should have been submitted to the jury in the charge given them by the trial judge. Reynolds v. Weinman, 40 S. W. Rep., 560; Railway v. Rogers, 40 S. W. Rep., 849; Railway v. Crow, 40 S. W. Rep., 510.

Where the error complained of is one of omission and not of commission, a special charge or instruction must be requested by the party desiring it. Building and Loan Assn. v. Seebe, 40 S. W. Rep., 875; Railway v. Leak, 64 Texas, 658; Cockrill v. Cox, 65 Texas, 676; Railway v. O'Donnell, 58 Texas, 42; Insurance Co. v. Ice Co., 64 Texas, 579; Harrell v. Houston, 66 Texas, 278.

The question as to whether the acts and services performed by McBride, while temporarily acting as gangwayman, were those of a fellow-servant or of a vice-principal is essentially one of law, and not a question of fact which should have been submitted to the jury. And even if a requested charge upon this subject, properly drawn, should have been submitted to-the jury, which we do not admit, the charge of special instruction as presented by appellant for submission, was properly refused, as it was upon the weight of the evidence, misleading and one-sided. Sweeney v. Railway, 84 Texas, 436; Railway v. Williams, 75 Texas, 4; Railway v. Smith, 76 Texas, 611; Nix v. Railway, 82 Texas, 473; Railway v. Reed, 31 S. W. Rep., 1058; Railway v. Reed, 32 S. W. Rep., 118.

WILLIAMS, ASSOCIATE JUSTICE.—A particular statement of the facts of the case is not essential to an understanding of the points. presented to this court. The case will be found fully stated in the opinion of the Court of· Civil Appeals. Defendant in error, who, as plaintiff, recovered in the District Court, was hurt while in the service of plaintiff in error, engaged, with a number of others, in loading a ship with sacks of borax. The work was done by encircling a number of sacks with a loop or sling of rope, and hoisting the bundle from the wharf, alongside which the ship lay, to the deck of the vessel and across it to the open hatch, through which it was lowered into the hold where plaintiff was at work. This was done by means of derricks attached to the mast of the

ship. When one of the "slingloads," as they are called, was thus raised upon the deck, one of the sacks escaped from it and fell through the open hatch into the hold, striking and injuring plaintiff. The negligence alleged against defendant consisted in the acts or omissions of his foreman, McBride, in (1) causing the derrick to be improperly rigged; (2) in carelessly handling the slingload after it came on deck, while acting as gangway man; (3) in failing to warn plaintiff of the danger when the sack fell; all of which acts and omissions were relied upon as causes of the injury. The evidence left the cause of the fall of the sack in doubt, and a conclusion that it was due to the negligence of McBride, in one or more of the particulars charged, could only be deduced as an inference from the testimony. There was evidence tending in some measure to sustain the first and third allegations of negligence, if not the second. The evidence showed that such work was done under the immediate supervision of McBride, the foreman, when Young was absent. Young had been present at the loading of this ship before the occurrence and was there afterwards. But at the time of the accident McBride was in charge of the work and the laborers were under him. He was also then temporarily performing the duty of gangway man, which was to receive and watch the slingloads as they came on deck and to give the necessary signals and directions to the man operating the winch by which the movement of the derrick was controlled, and to those in the hold. The regular gangway man, shortly before the occurrence in question, had told McBride to take his place while he went to get more men. There was no direct evidence that McBride had or ever exercised authority to employ and discharge other employes. Plaintiff was engaged by a man who worked with him in the hold. Other employes were employed by different men, but none by McBride, so far as shown; and beyond this the record is silent as to when and by whom the laborers were employed. The charge of the court throughout made defendant responsible, absolutely, for any negligence of his foreman, and this is assigned as error, as being an assumption of the fact that McBride was a vice-principal of defendant and not merely a fellow-servant of plaintiff. We think the assignment is well taken. It is settled by the decisions of this court, in cases not affected by the recent legislation regarding fellow-servants, that mere difference in the grade of employment, or the fact that one servant is the foreman or boss of another, does not take them out of the general rule of the common law upon the subject; and that the common master is not responsible for the negligent acts of the foreman or boss unless the latter has been intrusted with the power to employ and discharge. Railway v. Williams, 75 Texas, 4; Railway v. Smith, 76 Texas, 611. Of course this doctrine does not apply where the negligence complained of is the omission of a duty owed by the master to the servant, the performance of which he has delegated to one of the employes. Such omission is the negligence of the master himself, the consequences of which he cannot avoid by the attempt to delegate his duty to one who has not discharged it. But this principle does not meet the difficulty here, because

some, at least, of the acts or omissions charged to McBride were not of the character just defined, but consisted in the careless performance of his own duty as an employe. The opinion of the Court of Civil Appeals recognizes the law as we have stated it to be, but holds that the evidence was sufficient to show prima facie that McBride had authority to employ and discharge the hands under him, and that, as defendant offered no evidence on the subject, the court had the right to assume the existence of the power. We are not prepared to assent to the proposition that there is any evidence from which an inference of power, even to employ, could be legitimately drawn. The facts are as consistent with the conclusion that Young selected the employes as that McBride did. The master is shown to have been about the place where the work was being done and could have supplied all the help. The engagement of men by other employes is as consistent with one assumption as with the other. They may as easily be assumed to have acted as messengers of Young as of McBride. Or if the fact that others did secure help is to be taken as evidence of authority from the master to employ, it by no means follows that such authority came through the foreman. It seems to us that there is nothing showing affirmatively that such power had been delegated by the master. There is also an utter absence of evidence of power to discharge. But if there were circumstances tending to raise an inference of the necessary authority, the question as to their sufficiency to establish it was one for the jury, the evidence certainly not being so strong as to necessitate the conclusion.

We find no other error for which the judgment should be reversed.

*Reversed and remanded.*