WICHITA COTTON OIL CO. v. HANNA.

(Court of Civil Appeals of Texas. Texarkana. July 5, 1911. Rehearing Denied Oct. 5, 1911.)

1. MASTER AND SERVANT (§ 289*)—INJURIES—JURY QUESTION.

In an employé's action for personal injuries. by having his hand caught in the saws while cleaning cotton from a gin stand, whether plaintiff knew of the danger to which he was exposed *held* a jury question.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 287*)—FELLOW SERVANT—EXISTENCE OF RELATION.

When plaintiff was employed as a "packer" to assist in operating a cotton gin stand, he was told that he was to help at the gins when they were choked up, and the employé in charge of the gin stands was directed to call on other employés to help him when the stands were choked; but he had no power to employ and discharge any employés. *Held*, in an action for personal injuries to plaintiff's hand in cleaning a gin stand, that it was a question for the jury whether the employé in charge of the gin stands was plaintiff's vice principal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1062–1067; Dec. Dig. § 287.*]

3. MASTER AND SERVANT (§ 189*)—VICE PRINCIPAL.

It is not essential that one have the power to employ and discharge employés, in order to be a vice principal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–448; Dec. Dig. § 189.*]

4. DAMAGES (§ 216*)—PERSONAL INJURIES—INSTRUCTIONS.

In an employé's action for personal injuries, the court instructed that, in estimating plaintiff's damages, the jury might consider such sum, if now paid, as would compensate him for any loss of time sustained by his diminishéd earning capacity, and such sum as would compensate him for physical or mental pain, and reasonable compensation for necessary medical expenses. Plaintiff's hand was cut off in the accident, rendering him incapable of following his regular trade, from which he usually earned $80 to $85 a month, and he testified that since his injuries·he had been able to find but little employment. The evidence sustains a finding that he will suffer mental and physical pain because of his injuries. *Held*, that the instruction did not affirmatively impose any burden upon defendant for which it was not responsible under the evidence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by E. B. Hanna against the Wichita Cotton Oil Company. From a judgment for plaintiff, defendant appeals. Affirmed.

H. A. Allen and Montgomery & Britain, for appellant. Wantland & Parish, Taylor, Jones & Humphrey, and Marshall E. Ford, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellant for damages resulting from personal injuries. The evidence shows that the appellant was the owner of a plant in which were operated five cotton gins; that in the fall of 1909 the appellee was employed to work at the "packer," and was also expected to do other work, when called upon. He was injured while cleaning the cotton from a gin stand, by having his hand caught in the saws. The petition alleged that he was inexperienced in that kind of work, and that he so informed appellant's manager, by whom he was hired, at the time of his employment. The negligence relied on was the failure on the part of the appellant and its servants to warn the appellee of the danger to which he was exposed in doing the work he was engaged in at the time he received his injuries.

Complaint is made of the following charge of the court: "If you find from the evidence herein that the defendant employed the plaintiff to perform labor in its gin at Byers, Tex., on or about the 30th day of August, 1909, and at the time of said employment the defendant knew that the plaintiff was inexperienced in the matter of handling the machinery of said gin and did not know the dangers, if any, incident to the cleaning of the gin stands in said gin, and if you find that the work of cleaning said gin stands was in fact dangerous, and that the plaintiff did not know the danger incident to cleaning said gin stands, and could not have known of said danger, if any, by the use of ordinary care, and you further find that W. M. Dunn had authority to direct and control the acts of the plaintiff in the matter of cleaning the said gin stands, and to require the plaintiff to assist in the work of cleaning said gin stands, in the event they became choked or clogged, and if you find that on or about the 20th day of September,

1909, the said gin stands became choked or clogged, and the said W. M. Dunn required and directed the plaintiff to assist in unchoking and cleaning said gin stands, and that at said time the said Dunn knew that plaintiff did not know of the danger attendant upon the work of cleaning said gin stands, and the said Dunn failed to warn the plaintiff of the danger of said work, and that said failure to so warn the plaintiff was negligence, and was the direct and proximate cause of plaintiff receiving the injuries complained of in his petition, then you will find for the plaintiff, unless you find for the defendant under some of the other instructions given you by the court." Two objections are urged to this charge: One is that the evidence shows that Hanna knew of the danger incident to cleaning the gin stands, and therefore that issue should not have been submitted; the other is that the facts show that Dunn was a fellow servant, and that for the same reason that issue should not have been submitted.

[1] Hanna testified that when he was employed by Cash, appellant's manager, he was inexperienced in work about such machinery, and so informed Cash; that Cash told him his principal duties were to work at the "packer," which were simple, and did not expose him to any particular danger. But he was also told by Cash that when there was a breakdown or choke-up of the gins he was to assist in relieving the situation. W. M. Dunn was in charge of the gin stands on the occasion of Hanna's injuries, and called him and one Haynie, the man who worked at the press, to assist in cleaning the gins and relieving their choked condition. Hanna testifies that he responded to that call, and, without having received any instructions or warning as to the dangers of working about that machinery, began pushing the cotton from between the ribs of the gin; that he noticed that it fell below, and reached his hand beneath for the purpose of pulling it out; as he did this, his hand and arm were caught by the gin saws, and his injury resulted. It is true that according to Hanna's testimony he had been working in this plant at the "packer" for some weeks, and his place of work was only about 12 or 14 feet from the gin stands; but he testified that he had not before this particular occasion been around the gin stands, knew nothing of their mechanism and operation, and did not know that one gin stand could be run while the others were idle. He also stated that he did not know that the saws of this particular gin stand were running. The testimony was sufficient to raise an issue of fact for the jury as to Hanna's knowledge of the situation and the danger to which he was exposed.

[2, 3] The next question is, Should it be held, as a matter of law, that Dunn was a fellow servant? As before stated, Hanna testified that when he was employed Cash assigned him to work at the "packer;" that he asked Cash if that was all he was expected to do, and was informed by the latter that in case there was a breakdown or choke-up of the gins he would be expected to help at the gins. Dunn testified that he was in charge of the gin stands, and was told by Cash that when these choked up he was to call on the other employés for help. These instructions evidently carried with them the inference that when the occasion arose upon which Dunn might call upon the other employés for assistance they were to work under his direction as a part of their duties. To that extent they were subject to his orders and control. It was not essential, in order to constitute Dunn a vice principal, that he should have the power to employ and discharge. Young v. Hahn, 96 Tex. 99, 70 S. W. 950; Langtry-Sharp Con. Co. v. McCracken, 53 Tex. Civ. App. 627, 117 S. W. 453; Waxahachie Cotton Oil Co. v. McLain, 27 Tex. Civ. App. 334, 66 S. W. 226. We do not think the court committed any error subject to the objections made.

[4] On the measure of damages, the court gave the jury the following instructions: "If you find for the plaintiff, in estimating his damages you may take into consideration the following matters, if they have all been proven, and if they have not all been proven you may take into consideration such as have been proven, if any: (a) Such a sum of money, if paid now, as will reasonably compensate the plaintiff for any loss of time which he has sustained in the past and will probably sustain in the future by reason of his diminished capacity to earn money, if any. (b) Such a sum of money, if paid now, as will reasonably compensate the plaintiff for any pain of body or mind which he has sustained in the past, if any, and will probably sustain in the future, by reason of his injuries. (c) Reasonable compensation to the plaintiff for any expenses he may have incurred for medicines and medical treatment that were made necessary by reason of his injuries, if said expenses so incurred by him were reasonable." The particular objections urged to this charge are that there was no evidence that appellee would lose any time or suffer any mental or physical pain in the future by reason of his injuries. The testimony shows that the appellee lost his hand, and was unable thereafter to pursue his regular calling—that of painting and paper hanging. He testified that at this business he usually earned from $80 to $85 per month; that since his injuries he had been able to find but very little employment. It does not appear that the court otherwise included as damages which Hanna might recover those arising from his diminished earning capacity. The charge restricted recovery in that respect to the time he would lose by reason of his maimed condition. While this instruction is not such as the appellee had a right to demand, yet

we do not think it is subject to appellant's objection. It does not affirmatively impose any burden upon it for which it was not responsible, if the evidence showed that plaintiff was injured in the manner alleged, and his statements with reference to his success in finding employment thereafter are true. The evidence does warrant the inference that Hanna will lose time in the future by reason of his crippled condition, and that he will also suffer mental and physical pain on account of those injuries. The special charges on the issue of contributory negligence were fully covered, we think, by the general charge of the court.

The judgment is affirmed.