DAVIS, PRUNER & HOWELL v. WOODS.

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1911. On Motion for Rehearing, Jan. 6, 1912. Rehearing Denied Feb. 10, 1912.)

1. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—"EMPLOYED."

Where it appeared that plaintiff was directed by his employer to run a gin stand, and was paid a daily wage for doing such work, it was not error to hypothesize a charge on the jury's belief from the evidence that "plaintiff was employed by defendants to run the gin stand in their gin"; the word "employed" not always being synonymous with "hired," and sometimes meaning to be occupied or engaged in performance of a duty or undertaking.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 252.*

For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.]

2. MASTER AND SERVANT (§ 286*)—INJURIES—JURY QUESTION — NEGLIGENCE — FAILURE TO WARN SERVANT.

Evidence, in an employé's action for personal injuries by catching his hand in gin machinery, *held* to make it a jury question whether defendant was negligent in not warning plaintiff of the dangers incident to doing the work, and instructing him how to safely start a part of the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 88*)—INJURIES TO VOLUNTEERS—MASTER'S DUTY.

An employer's duty to one who volunteers to do certain work is different from its duty to one regularly employed to do it.

[Ed. Note.—For other cases, see Master and Servant, Cent.Dig. §§ 144–152; Dec.Dig. § 88.*]

4. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS.

Though a requested charge be on the weight of the evidence, if it be sufficient to direct the court's attention to the issues submitted, a proper charge thereon should be given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 671, 675; Dec. Dig. § 261.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by R. M. Woods against Davis, Pruner & Howell. From a judgment for plaintiff, defendants appeal. Affirmed.

Montgomery & Britain, for appellants. Taylor, Jones & Humphrey and Wantland & Parrish, for appellee.

HALL, J. This is an action for damages for personal injuries.

Appellants were the owners of a gin in Wichita county, where appellee alleges his injuries to have occurred. The substance of appellee's petition is that appellant Howell was the active manager of appellants' gin at Petrolia, Tex.; that he employed plaintiff to work in said gin as pressman and packer; that such duties were not dangerous, and did not require a skilled or expert workman; that at the time of his employment by Howell plaintiff told him (Howell) that he was wholly unskilled and inexperienced about gin machinery and the operation thereof, and knew nothing of the danger or risk connected with or incident to its operation, nor of the dangerous character of the machinery in and about the gin, and especially was he ignorant of the dangerous character of the gin stands, and especially this particular gin; that, connected with the particular gin stand in which plaintiff was employed to work, there was a huller run in connection therewith, which for a long time prior to the injury defendants had permitted to be and remain in bad repair, so that it would not run regularly, but would choke and clog and stop, and prevent the cotton from passing through the saws, the cause of which stopping plaintiff did not know, but such condition was known to defendants, and that they knew the cause thereof, and thereby the work in and about same was rendered more hazardous; that such defective machinery rendered the work in and about the same especially dangerous and hazardous to unskilled and inexperienced workmen; that, in order to do such work properly and safely, skilled and experienced laborers were required, of which plaintiff was at all times wholly ignorant.

The fact that said huller would stop while the other machinery was running made it necessary to start the same while the other machinery was in motion; that the dangerous character of the work was not obvious or apparent to the plaintiff with his lack of experience and previous knowledge; that the

defendants, grossly negligent of their duty to plaintiff, never at any time warned or informed him of the dangers connected therewith, and especially the dangers incident to running the same while they were defective and in bad repair; that on the 11th day of December, 1909, the said Howell required plaintiff to go to the gin stand to operate and manage the same, and while he was discharging the duties of such work the machinery of the huller of the gin became suddenly clogged, choked, and stopped, and while plaintiff was engaged in working with the same, performing his duties then and there necessary, plaintiff's arm, hand, and fingers were caught in the huller and jerked in the saws and projections of the huller, and his arm and hand so cut, torn, and lacerated that amputation of his arm just beneath the elbow was necessary, in order to save plaintiff's life; that by reason of the injuries he has been permanently injured in the loss of his arm, in his health, etc.; that he has suffered intense physical pain and mental anguish, and will continue to so suffer, will be a cripple for the remainder of his life; that as a consequence he has been compelled to pay for surgical and medical services, medicines, etc., $200, such expenses being necessary as a direct result of the injuries; that at the time of his injuries he was 27 years of age, of strong physique, energetic, and earning $800 per annum, with a life expectancy of more than 40 years; that he is without education, is not qualified for any business or profession, except that of bookkeeper; that such injury has deprived him of his right hand and arm, reducing his earning capacity three-fourths, and by reason of the negligence of defendants has suffered damages in the several sums of money stated, aggregating $325, and has suffered further actual damage in the sum of $15,000.

The defendants answered by general demurrer, general denial, pleas of contributory negligence, assumed risk, and that at the time of the injury plaintiff was a volunteer. Based upon the verdict of a jury, judgment was rendered in favor of plaintiff for $2,000 and interest, with all costs of suit.

[1] By appellants' first assignment of error, they complain because the court charged the jury that if they "believed from the evidence that plaintiff was employed by defendants to run the gin stand in their gin," etc., which, they say, was an issue of fact not raised by the pleadings or the evidence. Plaintiff's pleadings upon this issue are substantially as follows: "That on or about the 11th day of December, 1909, while he was still in the employ of defendants, A. A. Howell did then and there call upon and require plaintiff to go to the gin stands, gin saws, and huller, and then and there run and to operate and to manage the same, and then and there to assist in the running, managing, and operating the same; that in response to the requirement and direction of the said

Howell plaintiff went to said gin stand for the purpose of managing, running, and operating the same, and while he was so engaged in said duties," etc. The evidence shows that on the day before the injury plaintiff returned to the gin from other employment, and by direction of Howell helped another employé of appellants at the packer and press; and that on the day of his injury, according to appellee's testimony, "I asked Mr. Howell what he wanted me to do to-day, and he said me and him would run the stands that day."

Dave Woods testified that after the injury he asked appellant Howell how long plaintiff had been working at the gin stands, and Howell said that when plaintiff came back he said: "'Mr. Howell, can you use me to-day?' and he [Howell] said, 'Do you think you can help me to run these stands?' And he said, 'With a little help, I think I could run them as good as anybody, Mr. Howell.' Then Mr. Howell said, 'All right, you can just help me to run the stands.'"

The word "employ" is not always synonymous with "hire." A man may be employed about his own affairs, and when used in this connection it means occupied, working, engaged in the performance of some duty or undertaking. So, when directed by defendant to run the gin stands, he was employed to do so. Especially is this true of this case, since the evidence shows appellee was paid $2 for doing the work which resulted in his injury. The pleadings and evidence as a whole show that he was first hired to look after the packer and the press; that after a time he ceased to work altogether for appellants, and on the day before the injury returned to the gin, without being hired to perform any special duty, and on the morning of the injury, at the direction and request of appellants, commenced work at the gin stands. In our opinion, the charge is not subject to the criticism urged against it in the first two propositions under this assignment.

[2] The third proposition under this assignment is: "The master is only required to warn an employé of such dangers as are unknown to the employé, and which are not patent, and in this case the danger was patent and known to the employé, and therefore no warning was necessary, and the court erred in submitting that issue to the jury." While it is true that at the time appellee took hold of the picker roll to start it the saws were running, and he testifies that he knew they were running, and while it is proverbial that there is always danger in "monkeying with a buzz saw," and appellee knew that the gin stand in question was made up of many of such saws, we are not prepared to say that some warning or instruction was not required. It is properly a question for the jury, both as to whether the danger is obvious and apparent, and whether the failure of the master to instruct

or warn the servant is negligence. The immediate cause of the injury was the act of appellee in trying to start the picker roll by pushing the spikes toward the revolving saws with his hand, instead of starting it by means of a small wheel, which the testimony of appellant Howell shows could have been used for that purpose. Had appellee adopted the latter method of starting the machine, the particular injury complained of could not have occurred. However, he swears he knew nothing of the existence of this flywheel and had never been instructed by any one how to start the picker roll when it would clog and stop. Appellant Howell says he never gave appellee any instructions whatever about how to start it; that appellant's custom was to start it with the wheel; "that if a fellow did not know about the wheel he could take hold of one of the spikes on the picker roll and start it in that way." The evidence of plaintiff shows this to be the method he adopted. The evidence further shows that, in order to start it in this way, it was necessary to take off the breast of the gin stand, which exposed the picker roll and saws; that it was not necessary to take off the breast of the stand when starting it with the wheel.

Appellant Davis testified that if a man is not experienced in running gin stands, and does not know anything about the machinery of gin stands, then he does not know enough to handle it carefully, and is likely to be injured. Appellee testified that he was inexperienced, and the fact that he removed the breast board of the gin stand to do something which could have been done by merely turning a wheel tends to demonstrate that he was unacquainted with the best method of operating the machine. We think, under this state of the record, it was proper for the court to submit the question of negligence on the part of the appellants in failing to warn appellee of the dangers incident to the prosecution of the work, and in failing to instruct him how to safely start the picker roll.

[3] The second assignment is sustained. The testimony of Howell is that appellee was not employed or directed to work at the gin stands upon the morning in question, and was not employed to go to work at all until afternoon. Appellants' pleadings were to the effect that appellee was a volunteer in attempting to operate the machine. If this was true, it had the effect of changing the degree of appellants' liability. The question was not submitted to the jury by the court in the general charge, and appellants were entitled to instructions affirmatively presenting the issue for the consideration of the jury. In our opinion, the failure of the court to do so is prejudicial, and will require a reversal of the judgment.

[4] Appellee suggests that special charge No. 6, requested by appellants, bearing upon this issue, is incorrect as being upon the weight of the evidence. Admitting this to be true, yet it was sufficient to direct the attention of the court to the issue and require a proper charge at his hands. Kirby v. Estill, 75 Tex. 488, 12 S. W. 807; G., C, & S. F. Ry. Co. v. Hodges, 76 Tex. 93, 13 S. W. 64; Williams v. Emberson, 22 Tex. Civ. App. 522, 55 S. W. 595; G., C. & S. F. Ry. v. Cusenberry, 86 Tex. 532, 26 S. W. 43.

In view of another trial, it is not proper for us to discuss the questions pertaining to the sufficiency of the evidence as raised by appellants' third and fourth assignments.

The fifth assignment of error, which complains of that part of the charge of the court instructing the jury as to elements of damage and the matters to be considered by the jury in estimating plaintiff's damages, and the sixth assignment of error, relating to the action of the court in overruling defendants' motion for new trial, based upon newly discovered testimony, will probably not arise upon another trial, and will not be considered here.

For the error of the court in refusing to charge upon the issue as to whether or not appellee was a volunteer, the judgment of the lower court is reversed and the cause remanded.

### On Motion for Rehearing.

At a former day of this term, we reversed and remanded this cause, upon the ground that the court refused to give appellants' special charge No. 6 upon the issue of volunteer. On motion for rehearing, our attention has been directed to special charge No. 4, which was given by the court upon this issue, which fact was not specifically called to our attention in appellee's brief. We think special charge No. 4 is a correct presentation of the law upon that issue. A further investigation of the record shows that appellants' third and fourth assignments are not well taken, since the evidence seems to be sufficient to warrant the jury in finding for appellee. The fifth assignment of error, which was not passed upon in the original opinion, is also overruled upon the authority of Wichita Cotton Oil Company v. W. B. Hanna, 139 S. W. 1000.

The sixth assignment of error, relating to the action of the court in overruling defendants' motion for a new trial, which we did not pass upon in the original opinion, for the reason that the same could not arise upon another trial, is also overruled, because the application for continuance did not show sufficient ground to entitle appellants to a new trial upon newly discovered testimony.

For the reasons stated, our former opinion, reversing the judgment of the trial court and remanding the cause, is set aside, and the judgment is affirmed.