GRIFFIN v. WILLIAMS et al.

(Court of Civil Appeals of Texas. Austin. Jan. 10, 1912.)

ELECTION OF REMEDIES (§ 3*)—INCONSISTENCY OF REMEDIES—ACTS CONSTITUTING ELECTION.

The rule that, where one has two or more inconsistent legal remedies, his election of one bars him from pursuing another can only be applied where such remedies in fact exist at the time of the attempted election; and a vendor who sues to rescind a contract of sale, and for the land, for fraud of the purchaser, after the land has passed to innocent persons for value, does not thereby elect to disaffirm the contract, so as to bar a suit for damages for the fraud.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by W. A. Griffin against J. A. Williams and another. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

E. F. Brown and J. Curtys Simmons, for appellant. C. E. Dubois, for appellees.

RICE, J. Plaintiff's first original petition, filed February 9, 1909, alleged his ownership of one block of ground, situated in San Angelo, Tex., of the value of $3,000; that he was induced by the false and fraudulent representations of appellee Williams made through his agent, to sell and convey the same to him, said representations being that said Williams owned 30 shares of stock in the San Angelo Power & Traction Company, which was represented to be a solvent corporation, with all of its capital stock paid up, and that defendant was the owner of 30 shares thereof, for which he had fully paid

the sum of $3,000, and which was of the value of $3,000; that said representations were false and untrue; that believing and relying upon same, he conveyed to defendant said property, and this action was brought to rescind said trade and cancel said conveyance and recover said land, tendering back said 30 shares of stock to said defendant. Plaintiff thereafter filed an amended petition, seeking the same remedy, being in all respects the same, except that it more fully elaborated his cause of action.

On the 16th of May, 1910, appellee Williams filed his second amended original answer, in which he alleged that, prior to the institution of this suit, he executed to Young a deed of trust on the land in controversy, to secure the payment of a note for $1,200 of even date with said deed of trust, under which the property in question had been sold to one C. C. Brewer, in February, 1910, who was an innocent purchaser thereof for value, for which reason appellant was estopped, and the court was without power to rescind the sale, cancel the deed, and revest title in appellant.

Appellant, on the 25th of June, 1910, by leave of the court, filed his second amended original petition, in which one E. E. Bailey was made a codefendant with appellee, on the ground that he had participated, as the agent of the latter, in the fraudulent purchase of said property, abandoning his suit to rescind, and sought to recover damages against said Williams and Bailey for the value of the property in controversy based on their alleged fraud in procuring said sale thereof to appellee. Appellant filed a second supplemental petition, alleging that the parties to the deed of trust set up by appellees were innocent purchasers of said property, and likewise pleaded a want of knowledge on his part thereof prior to the institution of this suit.

Appellees Williams and Bailey each excepted to plaintiff's amended petition seeking to recover damages, on the ground that he had elected in his original petition to disaffirm and rescind said sale and recover possession of the land in controversy, and was thereby estopped from recovering damages against them, or either of them, as prayed for in said amended petition. The court sustained said exceptions, and, plaintiff refusing to amend, the suit was dismissed, to which action of the court he excepted and prosecutes this appeal, so that the only question for our consideration is the correctness of the ruling of the court in sustaining said special exceptions.

While it is true that, where a party possesses two or more separate and distinct, inconsistent legal remedies, his selection and pursuit of one of them will effectually bar him from thereafter abandoning the one selected and pursuing another, still this doctrine can only be applied where such remedies in fact exist at the time of the attempted election. See 15 Cyc. p. 529, subd. V et seq.; Herman on Estoppel, vol. 2, p. 1178, § 1051. So in the present case, if the plaintiff, at the time of filing the suit did not in fact have the right to rescind the contract and sue for the land, then the doctrine of election does not in fact apply. The facts pleaded conclusively show, we think, that when the suit was filed he had no right to disaffirm the contract and sue for recovery of the land, for the reason that the same had passed into the hands of an innocent purchaser for value prior thereto. This being true, his only remedy was the one finally adopted by him, to wit, a suit for damages on account of the fraud alleged to have been perpetrated upon him by the defendants.

In 15 Cyc. p. 262, it is said: "A person who prosecutes an action or suit based upon a remedial right which he erroneously supposes he has, and is defeated because of the error, has not made a conclusive election, and is not precluded from prosecuting an action or suit based upon an inconsistent remedial right"—citing many cases in support of the doctrine, among them Wilson v. Carroll, 50 S. W. 222; Williams v. Emberson, 22 Tex. Civ. App. 522, 55 S. W. 595.

In Bandy v. Cates, 44 Tex. Civ. App. 41, 97 S. W. 711, Mr. Chief Justice Key, discussing the doctrine now under consideration, among other things, said: "In order to sustain a defense founded upon that doctrine, it must be made to appear that the plaintiff actually had two valid, available, and inconsistent remedies, and that he undertook to pursue one. His supposition that he had a particular remedy and his effort to enforce it is immaterial, and does not constitute an election, unless the remedy in fact existed"—citing Morris v. Rexford, 18 N. Y. 552; Kinney v. Kiernan, 49 N. Y. 164; McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047; In re Van Norman, 41 Minn. 494, 43 N. W. 334; Gould v. Blodgett, 61 N. H. 115.

In re Van Norman et al., supra, it is held, as shown by the syllabus, that: "A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had the right to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application in such case."

Since plaintiff, at the time of filing his petition, did not possess two distinct and inconsistent remedies, as contended for by appellees, and was mistaken in supposing that he did, it is clear that the doctrine of estoppel, as urged by them, does not apply, and that the court erred in sustaining said exception, for which reason its judgment is reversed and the cause remanded.

Reversed and remanded.