## George B. Bandy v. W. D. Cates.

Decided October 24, 1906.

**1.—Res Judicata—Issues—Finding of Fact.**

A finding of fact as to what issues were determined by a former judgment will not be reviewed in the absence of an assignment of error in such finding.

**2.—Same—Question of Fact—Burden of Proof.**

Where the record does not disclose whether or not a particular matter was determined by a former judgment it is incumbent upon the party relying thereon, as an adjudication of such matter, to show by evidence aliunde that it was, in fact, determined.

**3.—Former Adjudication—Foreclosure—Limitation—Validity of Debt.**

In a suit to recover a debt and foreclose a mortgage securing it, where limitation as well as general denial was pleaded, a judgment for defendant is not to be taken as an adjudication of the invalidity of the debt or mortgage, in the absence of a showing that such issue, and not merely the remedy by suit and foreclosure, was passed upon.

**4.—Limitation—Foreclosure—Trustee's Sale.**

The right to enforce a trust deed by sale under the power conferred is not lost by reason of the remedy by suit and foreclosure being barred by limitation.

**5.—Same—Former Judgment.**

One whose suit to recover on a note, and foreclose a mortgage securing it, has been defeated by limitation, could still enforce the security by trustee's sale under the powers given by the mortgage, and the purchaser thereat is not precluded from recovering the land by the former judgment, in the absence of a showing that the validity of the debt and security, as well as of the right to enforce it by suit, was passed upon in the former action.

**6.—Election of Remedies—Foreclosure—Trustee's Sale.**

A resort to the remedy by suit and foreclosure is not such an election of remedies as will prevent the creditor, when defeated in such action by plea of limitation, from proceeding by trustee's sale; he is bound by his election only when he has, in fact, two remedies to choose between.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*W. J. Ewing,* for appellant.—The judgment of the court having jurisdiction of the parties and subject matters in issue is final, and the parties thereto are bound thereby, and are estopped from further litigating the questions therein adjudicated in another suit, the matters therein litigated being res adjudicata and binding upon all parties thereto and their privies. Delaney v. West, 13 Texas Ct. Rep., 419; Moore v. Snowball, 98 Texas, 16; Ayers v. Cayce, 10 Texas, 105; Scott v. American Nat. Bank, 11 Texas Ct. Rep., 845; Brown v. Cates, 87 S. W. Rep., 1149.

When a person has two or more legal or equitable remedies for the collection of a debt and foreclosure of a lien, and elects to pursue and prosecute one of said remedies to a final judgment, then such party is bound thereby and is estopped from pursuing any and all other remedies. Avery & Son v. Texas Loan Agency, 62 S. W. Rep., 793; Cameron v. Hinton, 92 Texas, 501; Ward v. Green, 88 Texas, 177.

*E. L. Stovall* and *Davis & Davis,* for appellee.—There was but one question adjudicated between Cates and Brown and that was the statute of limitation, and the finding of the court, not having been attacked by the appellant by an assignment that such findings were not supported by the evidence, is conclusive and binding on the appellant. Converse v. Davis, 90 Texas, 466.

The burden of proof is on the appellant to establish his plea of res adjudicata by a preponderance of the evidence, and as he is shown to have three pleas in his answer, it devolves on him to show which one of said pleas was sustained. Cook v. Burnley, 45 Texas, 115; Griffin v. Seymour, 83 Am. Dec., 397, 398; Fahey v. Esterley Machine Co., 44 Am. St. Rep., 554, and note thereunder, 563.

Before a party is finally barred by an election of remedies, all the remedies must be coexisting remedies at the time of election and all valid in law. 15 Cyc. of Law, 257.

Appellee's election of an invalid remedy in law was not binding upon him; and upon the plea of limitation being sustained his right of election revived, and he had a right to foreclose his deed of trust through the trustee. Converse v. Davis, 90 Texas, 466, 467; Sanders v. Rawlings, 77 S. W. Rep., 41; Gardener v. Griffith, 93 Texas, 358.

KEY, ASSOCIATE JUSTICE.—This case involves but two questions, one being the law of res adjudicata and the other the law of election. Appellee and parties under whom appellant claims have heretofore engaged in litigation upon a state of facts disclosed by a decision of the Dallas Court of Civil Appeals, as reported in Cates v. Field, 85 S. W. Rep., 52, and the same case decided by the Supreme Court in 99 Texas, 87 S. W. Rep., 1149. After that case was finally decided, John C. Brown conveyed the property in controversy to W. J. Ewing, and Ewing conveyed it to Geo. B. Bandy by deed dated June 27, 1905, and duly recorded the following day. In August thereafter, H. C. Gresham, the trustee in the deed of trust executed by E. F. Field on November

6, 1894, sold the property for the purpose of paying a $300 note secured by the trust deed, and owned and held by Cates, the original payee, at which sale Cates became the purchaser, and the trustee made and delivered to him a deed to the property. Thereafter Cates brought this suit in the usual form of trespass to try title against Geo. B. Bandy, seeking to recover the land in controversy. Bandy in his answer pleaded not guilty, res adjudicata and estoppel by election of remedies. There was a nonjury trial resulting in a judgment for Cates, and Bandy has appealed, and contends that the former judgment which was finally affirmed by the Supreme Court, is available as a defense in this case, and that Cates's action in prosecuting that case against Brown constituted an election of remedies, and deprived him of his former right to have the property sold under the trust deed for the payment of the debt.

It is not deemed necessary to state in detail all of the facts. Suffice it to say that E. F. Field is common source of title. The plaintiff Cates deraigns his title through the sale made by Gresham, the trustee, under the deed of trust hereinbefore referred to. After the execution of the trust deed, Field sold the property thus encumbered by warranty deed, and at the time of the former litigation John C. Brown held under that title, and, as before stated, the defendant Bandy holds under Brown.

In the former suit Cates sought to foreclose his deed of trust, alleging in his pleading that it was given by Field to secure the note to Cates for $300. To that pleading Brown interposed a general denial, a plea of limitation and of innocent purchaser. The trial court instructed a verdict for Brown, and rendered judgment that Cates take nothing as against Brown, which judgment was affirmed by the Supreme Court.

In the present suit the trial judge filed conclusions of fact and law, and specifically found as a fact that the validity of the debt owing by E. F. Field to Cates and the deed of trust securing the same were not brought in controversy in the former suit, and that the only issue therein adjudicated between Cates and Brown was the statute of limitation. There is no assignment of error challenging that finding, and for that reason we feel constrained to hold that appellee has the right to have the appeal disposed of upon the assumption that that finding is in accordance with and supported by the testimony.

It is the settled rule of law in this State that, although such lapse of time as will bar an action for the debt will also bar a suit to foreclose a mortgage or trust deed executed to secure the payment of the debt, still, when such mortgage or trust deed provides a method of foreclosure out of court by a trustee, the statute of limitation does not affect the power of the trustee and the right of the creditor to have the property sold by the trustee. (Goldfrank, Frank & Co. v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275.) These decisions have been repeatedly followed, and rest upon the theory that our statutes of limitation with reference to debts operate solely on the remedy in the courts, but do not destroy the debt. Applying this doctrine to the facts of this case as found by the trial judge, we are of opinion that the judgment in the former case did not adjudicate the validity of the debt, but only Cates's right to a judicial enforcement of his lien. But if the trial court's findings of fact be disregarded and we look to the statement of facts,

we are also inclined to the opinion that the plea of res adjudicata should not have prevailed. The statement of facts merely shows that in the trial of the former case the trial judge instructed a verdict for Brown, without assigning any reason for giving such instruction. It is shown by the opinions rendered when the case was on appeal that the only defense available to Brown was that of limitation; and, in the absence of a showing that he did so for some other reason, it is fair to presume that the trial judge in that case instructed a verdict for Brown solely for the reason that the note showed on its face that it was barred by the statute of limitation. It is true that Cates, in that case, pleaded the existence of his debt, but the only judgment sought against Brown was a foreclosure of the lien created by the trust deed. A judgment establishing existence of the debt, but refusing a foreclosure of the lien would have been worthless. Therefore it seems reasonable to conclude that, when there was no denial of the execution or validity of the note and trust deed, and when they were produced and put in evidence showing such registration as forestalled the defense of innocent purchaser, and the note on its face sustained the plea of limitation, that the court in directing a verdict for Brown and entering a judgment that Cates take nothing as against Brown, merely intended to adjudicate the question of limitation. In Cook v. Burnley, 45 Texas, 115, Chief Justice Roberts, in discussing the question of res adjudicata, quotes with approval from Freeman on Judgments among other things:

"If, from the record alone, no intimation is given whether a particular matter has been determined or not, it is encumbent on the party alleging that a question has been settled by a former adjudication to support his allegation by proof *aliunde*."

Applying that rule to this case it does not specifically appear that in the former case the court adjudicated the question of the validity of the debt and trust deed; and as the burden of proof rested upon appellant to make such proof, he should have done so to render his plea available. The case of Delaney v. West, 88 S. W. Rep., 275, is distinguishable from this case. In that case no plea of limitation was interposed to the foreclosure suit, but other and different pleas, which unlike a plea of limitation as against a debt did not relate merely to a judicial remedy, but assailed the validity of the trust deed and constituted a bar to any right to have the property sold, were interposed and sustained.

As to the question of estoppel by election, which is the other defense relied upon, we do not feel called upon to decide whether there is such inconsistency between the two remedies, a judicial sale and a sale by trustee, as to render the doctrine of election applicable. In order to sustain a defense founded upon that doctrine, it must be made to appear that the plaintiff actually had two valid, available and inconsistent remedies, and that he undertook to pursue one. His supposition that he had a particular remedy and his effort to enforce it is immaterial and does not constitute an election, unless the remedy in fact existed. (Morris v. Rexford, 18 N. Y., 552; Kinney v. Kiernan, 49 N. Y., 164; McNutt v. Hilkins, 80 Hun (N. Y.), 235; In re Van Norman, 41 Minn., 494; Gould v. Blodgett, 61 N. H., 115.)

As the debt was barred by the statute of limitation at the time Cates undertook to foreclose his lien in the former suit, he was not entitled

to the relief sought; and therefore his action in that case did not constitute such election as would cut him off from his right to have the trustee foreclose his lien, which was his only valid remedy.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.