## BRODKEY v. LESSER.

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1913. Rehearing Denied May 24, 1913.)

1. ELECTION OF REMEDIES (§ 3*)—LEGAL AND EQUITABLE.

A suit for specific performance of a contract to purchase, which was dismissed, was not an election of remedies by the vendor so as to preclude a subsequent action for the difference between the contract price and the sum realized upon a sale of the property.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

2. ELECTION OF REMEDIES (§ 3*)—LEGAL AND EQUITABLE.

In order that a suit for specific performance by the vendor should constitute an election of remedies so as to preclude a subsequent action for damages for breach of contract to recover the difference between the contract price and the amount for which the vendor sold the property, the vendee must

show that a specific enforcement of the contract was available.

[Ed. Note.—For other cases. see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by M. A. Lesser against H. Brodkey. From a judgment for defendant, plaintiff appeals. Affirmed.

Slay, Simon & Wynn, of Ft. Worth, for appellant. Hunter & Hunter and Theodore Mack, of Ft. Worth, for appellee.

DUNKLIN, J. By a written contract H. Brodkey agreed to purchase from M. A. Lesser certain real estate and to pay therefor the sum of $3,800. Brodkey having refused to comply with the contract, Lesser first sued him for a specific performance of the contract, but later dismissed the suit, sold the property for $3,100, and then instituted this suit to recover of Brodkey the difference between the sum so realized and the contract price as damages for the breach of the contract. In addition to a general demurrer and general denial, Brodkey by special plea alleged the former suit by Lesser to specifically enforce the contract and claimed that, as Lesser had thus elected that remedy, he could not thereafter maintain this suit for damages for breach of the contract, as the two remedies were inconsistent and both available to Lesser at the time of the institution of the first suit. Lesser recovered damages in the sum of $300, and from that judgment Brodkey has appealed.

The undisputed evidence shows that the former suit by Lesser to specifically enforce the contract was instituted and dismissed before he instituted the present suit, and appellant insists that the court erred in refusing to instruct a verdict in his favor based upon those facts.

[1] This is the only assignment of error presented in the record and is predicated upon the proposition asserted in the special answer that at the time of the institution of the former suit Lesser had two valid, available, and inconsistent remedies, one of which was asserted in that suit, and the other was the remedy asserted in the present suit, and that his election to resort to the remedy for specific enforcement was a waiver of the remedy to sue for damages for the breach of the contract. In 15 Cyc. 259, it is said: "By a preponderance of authority the mere commencement of any proceeding to enforce one remedial right in a court having jurisdiction to entertain the same is such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of the inconsistent remedial right. But in some of the states it is held that the mere commencement of a proceeding is not such a conclusive election as will prevent plaintiff from obtaining a dismissal thereof and from in-

stituting another proceeding to enforce an inconsistent remedial right." Many Texas authorities are cited in appellant's brief, such as Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302, Hamilton v. Gouldy, 46 Tex. Civ. App. 506, 103 S. W. 1117, Griffin v. Williams, 142 S. W. 981, etc., all of which recognize the general rule of the binding effect of an election between two inconsistent remedies, but none of which, as we construe them, directly sustain the contention asserted by appellant under the assignment now under discussion. In Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544, it was held that the doctrine of elections of remedies did not preclude a vendor of land, who had sued to foreclose a vendor's lien, from changing the suit by amendment to an action to rescind the sale and recover the land. In our opinion this decision is decisive of the question now under discussion adversely to appellant's contention.

[2] Furthermore, in order to sustain this special defense, it was incumbent upon appellant, at all events, to show that a specific enforcement of the contract by the suit first instituted was available; otherwise it cannot be said that appellee had two remedies from which he could elect. Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710. The contract for sale appearing in the statement of facts, after providing that the appellee should furnish to appellant an abstract of title to the land showing a good title in the seller and reciting that appellant had paid earnest money to bind the contract, contained this further stipulation: "If the title to the seller to said property should prove good and the purchaser should fail to comply with his part of this contract, said sum of earnest money above mentioned as paid shall be retained by the seller as and for his liquidated damages agreed to by the parties hereto on account of such default by the purchaser." In view of the stipulation quoted, it may be that a specific enforcement of the contract could not have been obtained in the former suit, under the decision of Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847. But decision of this question is not necessary in view of the conclusion previously stated.

The judgment is affirmed.