TULLOS et al. v. MAYFIELD et al.
(No. 193.)

(Court of Civil Appeals of Texas. Beaumont.
Nov. 16, 1917. Rehearing Denied
Dec. 5, 1917.)

1. JUDGMENT ⬤═589(1) — CAUSES OF ACTION
BARRED — TRESPASS TO TRY TITLE — "RES
ADJUDICATA."

Where a vendor after default in the payment of lien notes brought an action of trespass to try title in which he sought to recover the land by virtue of his superior title, and did not seek a recovery on the notes or a foreclosure of the lien, and the answer did not put the notes in issue, deny their execution or allege that they constituted a cloud on defendant's title, and the only question involved was that of limitation, a judgment for defendant did not bar a suit by the vendor to recover on the notes and foreclose the lien, as a cause is not res adjudicata unless there is identity of the thing sued for, of the cause of action, of the persons and parties, and of the quality in the persons for or against whom the claim is made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

2. ELECTION OF REMEDIES ⬤═11—MISTAKE AS TO REMEDY.

To sustain a defense founded upon the doctrine of election of remedies it must appear that plaintiff actually had two valid available and inconsistent remedies, and that he undertook to pursue one, and his effort to enforce a particular remedy which he supposed he had is not an election, unless the remedy in fact existed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

3. ELECTION OF REMEDIES ⬤═3(1) — ENFORCEMENT OF LIEN.

A vendor's attempt to recover land by virtue of his superior title, in an action of trespass to try title, after such action was barred by Rev. St. 1911, art. 5695, as amended by Acts 33d Leg. c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), was not an election of remedies preventing an action on the vendor's lien notes and to foreclose the lien.

4. ELECTION OF REMEDIES ⬤═11—MISTAKE AS TO REMEDY—BURDEN OF PROOF.

A defendant pleading an election of remedies as a defense must show that the remedy which plaintiff undertook to pursue in the first suit was available.

5. VENDOR AND PURCHASER ⬤═278—LIMITATIONS—ENFORCEMENT OF LIEN.

Under Rev. St. 1911, art. 5695, as amended by Acts 33d Leg. c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), effective November 18, 1913, 90 days after the adjournment of the Legislature, providing that owners of vendor's lien notes reserved in conveyances executed subsequent to July 14, 1905, shall have four years after that act takes effect within which to bring suit to enforce the liens if they are valid obligations and not already barred by the four years' statute of limitations when the act takes effect, and article 593 giving three days' grace on promissory notes, a vendor's lien note due November 15, 1909, was not barred when the act took effect and the holder had four years thereafter within which to enforce it, as he had three full days of grace after November 15, 1913, within which to file suit and suit could have been filed at any time before midnight of November 18th.

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Suit by J. E. Mayfield and others against Alfred Tullos and others. From judgment for plaintiffs, defendants appeal. Affirmed.

H. E. Marshall, of Liberty, for appellants.
C. R. Wilson, of Liberty, for appellees.

KING, J. This appeal is from a judgment in favor of appellees, who sued appellant Alfred Tullos, on the 15th day of July, 1916, in the district court of Liberty county on three vendor's lien notes executed by appellant Alfred Tullos, on the 15th day of November, 1906, as part payment for certain real estate, appellees asking judgment for the amount of said notes, with interest, etc., and for foreclosure of the vendor's lien retained. D. J. Harrison and H. E. Marshall were made parties defendant in said suit, it appearing that they were the grantees of appellant Tullos, to the extent of one-half of the land in controversy, the same having been conveyed to them before this suit was instituted.

The defendants pleaded the statute of limitation of four years, and that plaintiffs were barred from prosecuting this suit, because they had made an election in another suit of one of two remedies which were available to them, which estopped them from prosecuting this suit; also that the matters here in controversy are res adjudicata. These defenses are presented under proper assignments of error.

It appears that appellees herein, on January 11, 1916, filed a suit against appellant Tullos and Robert Copeland, a tenant under Tullos, in trespass to try title to recover the superior title to the land in controversy, the nonpayment of the three notes in issue in this suit being the basis of the former suit, wherein appellees claimed the superior title to the land by virtue of their nonpayment. These notes were introduced in evidence upon the trial of the first suit for the purpose only of showing their nonpayment. Judgment was rendered for appellant for the land and costs in the first suit.

There are but three questions involved in the disposition of this cause: (1) Did the judgment in the first suit adjudicate the issues in this suit? (2) Are the appellees estopped from suing upon the notes and foreclosing the lien by virtue of having elected to sue for the superior title under said notes? (3) Are the notes in question barred by the statute of limitation?

The former judgment is not a bar to this, because the vital points in this suit were not put directly in issue and determined in the first suit. A cause is not generally regarded as res adjudicata unless there be a concurrence of the following four conditions: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, (4) identity in the

quality in the persons for or against whom the claim is made.

[1] The appellees brought their first suit to recover in an action of trespass to try title to the land involved in this suit, by virtue of the land never having been paid for, and no personal judgment was asked, and the notes were in no way involved in issue in the first suit. In the present case, appellees brought their suit to recover on the notes, and seek a personal judgment against the defendant Tullos for the amount due on the notes, and for a foreclosure as against all of the appellants, the present suit being wholy inconsistent with the remedy sought in the former suit, and is an entirely different cause of action. The fact that the notes herein sued upon were collaterally involved in the former suit, and were introduced in evidence for the purpose of showing that they were unpaid, is not sufficient to invoke the rule of res adjudicata, the vital issue in the first and in this case not being the same. In the first suit, appellees did not sue on the notes, and sought no personal judgment against appellant Tullos, who by his answer in the first suit did not put the notes in issue, nor did he deny the execution of same, nor set up the fact that the same constituted a cloud on his title; neither did he ask that they be canceled or in any other way put them in issue. The only question involved in the former suit was the question of limitation as to the appellant Tullos' right to bring suit for the superior title to the land. In the instant case, appellees are in no manner claiming the superior title to the land, but are seeking a money judgment against appellant Tullos, as well as a foreclosure of the lien, as against him and appellants Marshall and Harrison, who purchased a one-half interest from Tullos, pending the first suit. Philipowski v. Spencer, 63 Tex. 604; Cook v. Burnley, 45 Tex. 115; Lucas v. Heidenheimer, 3 Willson Civ. Cas. Ct. App. § 360; Freeman v. McAninch, 6 Tex. Civ. App. 644, 24 S. W. 922; James v. James, 81 Tex. 373, 16 S. W. 1087; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 356; 23 Cyc. 1216; Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710.

[2] In order to sustain a defense founded upon the doctrine of election, it must be made to appear that the plaintiff actually had two valid, available, and inconsistent remedies, and that he undertook to pursue one, and his supposition that he had a particular remedy, and his effort to enforce it, is immaterial, and does not constitute an election, unless the remedy, in fact, existed.

[3] In the first suit, appellees were attempting to recover the superior title to the land, when under the act of 1913 (art. 5695, Vernon's Sayles' Texas Civil Statutes, amending art. 5695, R. S. 1911), such action was barred. The act went into effect the 18th day of November, 1913, and appellees' first suit was not filed until January 11, 1915, and was barred at the time the suit was brought. Therefore, at the time of the filing of the first suit, the remedy they were seeking to assert did not, in fact, exist. Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710; Zimmerman v. Robinson & Co., 128 Iowa, 72, 102 N. W. 814, 5 Ann. Cas. 960; D. Sullivan & Co. v. Ramsey, 155 S. W. 580; Griffin v. Williams, 142 S. W. 981; Brodkey v. Lesser, 157 S. W. 457.

[4] Furthermore, it was incumbent upon appellants to show that the remedy which appellees undertook to pursue in their first suit was available, and we are unable to find in the record where appellants undertook in any manner to show that such remedy, was, in fact, available. Brodkey v. Lesser 157 S. W. 457.

That part of the act of 1913 (Acts 33d Leg. c. 123, § 3), which applies to, these notes reads as follows:

"Provided that the owners of all notes secured by deeds of trust or other liens, and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations, and not already barred by the four years' statute of limitations when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years, or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same, and further provided [that] if any such obligations executed subsequent to July 14, 1905, were barred by the four years' statute of limitation on the 30th day of June, 1913, the owners thereof shall have four years within which to bring suit to enforce the lien securing the same; and providing those owning the superior title to land retained in any deed of conveyance or his transferee and those subsequently acquiring such superior title by transfer, shall have twelve months after this act takes effect within which to bring suit for the land, if their claim to the land is not otherwise invalid, and unless such suit is brought within twelve months after this act takes effect, they shall be forever barred from bringing suit to recover the same."

Notes Nos. 1 and 2 were due November 15, 1907, and 1908, respectively, and were barred by the statute of four years' limitation November 19, 1911, and 1912, respectively, adding three days of grace, and were therefore barred prior to June 30, 1913. Appellees had four years from the date said act took effect within which to sue upon these notes, and to enforce the lien retained by them.

[5] Note No. 3, which was due November 15, 1909, does not come under this part of the act, as said note was not barred by the statute of limitation on June 30, 1913, it being four years past due on November 15, 1913, but article 593 gives three days of grace on promissory notes. The Legislature adjourned on the 19th day of August, and this act became effective 90. days thereafter, that is on November 18, 1913; just three days after the third note was four years past due.

Appellants therefore had three full days of grace after said date within which to file the suit on the third note. Suit could have been filed at any time before midnight of November 18, 1913. Therefore the third note was a valid obligation, and was not barred by the four years' statute of limitation when that act took effect, and appellees had four years from the date said act took effect within which to enforce it.

In the case of Watkins v. Willis & Bros., 58 Tex. 521, the note matured on March 18, 1877, and suit was filed on March 21, 1881. The court held that the debtor was entitled to three entire days after the day of payment and that limitation did not commence to run until after the expiration of the three-day period of grace. The case of McCutcheon & Church v. Smith, 194 S. W. 831, construes said act.

We have examined the other assignments of error in the record, and they are overruled. The judgment of the lower court is affirmed.