POE v. CONTINENTAL OIL & COTTON CO. et al. (No. 962.)*

(Court of Civil Appeals of Texas. El Paso. April 24, 1919.)

1. MASTER AND SERVANT ⚙➙358—WORKMEN'S COMPENSATION ACT—NOTICE TO SERVANT.

Where an employer, sued for injuries, offers no proof to support the allegation that notice of provision for compensation had been given to servant by employer, as required by Employers' Liability Act, pt. 3, §§ 19. 20 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246x, 5246xx), it must be presumed that no such notice had been given.

2. MASTER AND SERVANT ⚙➙358—WORKMEN'S COMPENSATION ACT—NOTICE TO SERVANT.

Where an employer had failed to give servant notice required by Employers' Liability Act, pt. 3, §§ 19, 20 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246x, 5246xx), of employer's compliance with the act, the servant could institute suit against employer for personal injuries, but was not limited thereto, and could waive the provision with reference to notice and claim benefit under the act.

3. MASTER AND SERVANT ⚙➙358—WORKMEN'S COMPENSATION ACT — NOTICE TO SERVANT — WAIVER.

Where a servant waived the want of notice required by the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and sought compensation for injuries before the Industrial Accident Board, he could not thereafter recover from the employer by action in court, in view of section 3, pt. 1 (article 5246i).

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by C. C. Poe against John Guitar, doing business under the name of the Continental Oil & Cotton Company, and by an amended petition the Georgia Casualty Company was also made a defendant. Judgment for defendants, and plaintiff appeals. Affirmed.

J. W. Moffett and Sayles & Sayles, all of Abilene, for appellant.

Frank S. Anderson, of Galveston, for appellees.

HIGGINS, J. On June 20, 1917, appellant, Poe, brought this suit in the district court of Taylor county against appellee John Guitar, who was doing business under the name of Continental Oil & Cotton Company. Thereafter Poe filed an amended petition, making the Georgia Casualty Company a party defendant.

The suit is to recover the sum of $15,000 as damages arising from personal injuries. Among other things, appellant alleged that on and prior to October 8, 1915, Guitar, in the conduct of his business, operated in the city of Abilene a device known as a "go-devil" for removing and conveying cotton seed; that on said date appellant was work-

ing for Guitar, and while operating the go-devil was injured through the negligence of Guitar, his agents, etc. As to the Georgia Casualty Company, the petition sought a recovery against it, if it should be held that the plaintiff was not entitled to recover his damages against Guitar.

Defendants filed pleas in abatement, setting up that on and prior to October 8, 1915, defendant Guitar was a subscriber to and a member of the Georgia Casualty Company, a corporation authorized to transact business in the state of Texas, and under the provisions of the Employers' Liability Act (chapter 179, Acts of 33d Legislature [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), was authorized to insure the payment of compensation to injured employés, and that Guitar had paid a year's premium in advance and received a receipt therefor, and the Casualty Company had issued to Guitar a policy of insurance, a copy of which policy was attached and made a part of the pleas; that on October 8, 1915, Poe was employed by defendant Guitar, and while acting in the course of his employment claims to have received the injuries described in his petition; that on and prior to October 8, 1915, Guitar had in all respects complied with the provisions of the Employers' Liability Act, and had given notice in writing and print to all persons under contract of hire with him, including Poe, that he had provided for payment of compensation for injuries to his employés with the Georgia Casualty Company, as provided by sections 19 and 20, part 3, of the act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246x, 5246xx), and that Poe had actual notice that Guitar had so provided for such payment of compensation, and thereafter continued in the employment of Guitar; that after sustaining his alleged injury the plaintiff elected to file and filed with the Industrial Accident Board a claim against the Casualty Company for compensation under the terms and provisions of the Employers' Liability Act, and that thereafter Poe and the Casualty Company submitted the matters in dispute in respect to said claim to the Industrial Accident Board, and on January 17, 1917, said board determined the claim upon its merits and adjudged that the Casualty Company was released and discharged from the payment of compensation for the injuries alleged in plaintiff's petition, and that the judgment and order of the board was res judicata and a bar to any further claim to recover compensation for the injuries declared upon by plaintiff. The order of the Industrial Accident Board was made a part of the plea and reads as follows:

"January 17, 1917.
"C. C. Poe, Employé, v. Continental Oil & Cotton Company, Employer, and Georgia Casualty Company, Insurer.
"On this the 17th day of January, A. D. 1917, after due notice to all parties at interest, came

on to be considered by the Industrial Accident Board the claim of compensation filed with said board by C. C. Poe against the Georgia Casualty Company as the insurer for the Continental Oil & Cotton Company subscriber; and

"It appearing to the board that the questions involved herein have not heretofore been settled by agreement of the parties interested herein; and

"It further appearing to the board that the said C. C. Poe is not entitled to recover by reason of failure to make claim in the manner and within the time provided in the act:

"It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the said Georgia Casualty Company be and the same is hereby fully released and discharged from the payment of any and all compensation by reason of the alleged injuries in the above case."

It was further alleged that Poe had thereby made an election of remedies, and was bound by his election and the board's order. The pleas in abatement came on for hearing before the court, and in support thereof the record of the proceedings before the Industrial Accident Board were offered in evidence. These proceedings disclosed the following facts:

On August 9, 1916, Poe, by his attorney, wrote the secretary of the board, advising that on October 8, 1915, Poe was injured while working for Guitar, doing business under the name aforesaid; that they understood Guitar was insured at the time of the accident, and requested the board to take the matter up for investigation and adjustment at once. On August 12th the Industrial Accident Board acknowledged receipt of the letter of the 9th, and inclosed a copy of a letter they had just written the Insurance Company, and advised Poe's attorneys, if a satisfactory disposition of the claim was not made with the Insurance Company under the provisions of the Employers' Liability Act, within a reasonable time, to communicate that fact, and the board would then undertake the further discharge of its duty in the premises. On August 12th the Industrial Accident Board advised the Georgia Casualty Company that there had been upon file in that office for many months an original accident report made out by the Continental Oil & Cotton Company of October 8, 1915, and that there was nothing to indicate that compensation had been paid to the claimant; that the board was in receipt of a letter from the claimant's attorneys insisting that he was entitled to compensation under the provisions of the Compensation Act. The company was requested to give the matter its immediate attention, and if it found it was indebted for compensation to make payment to the claimant, and, on the other hand, if it denied liability, to notify the board, in order that it might be in position to take additional steps in the matter. On August 14th

the Insurance Company acknowledged receipt of the letter by the board and advised that it was the first information it had that claim had been made for compensation under the act; that it was then making investigation, and would advise the result in a few days. The Casualty Company thereafter declined to make compensation to the claimant, and the Industrial Accident Board set the claim for hearing on January 17, 1916. Thereupon the claimant filed his affidavits with the board in support of his claim, and the Casualty Company in bar of the claim set up, with supporting affidavits that Poe had never made or filed a claim with the Continental Oil & Cotton Company, Georgia Casualty Company, or the Industrial Accident Board, as provided by section 4a, part 2, of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp), which provides:

"No proceedings for compensation for injury under this act, shall be maintained unless a notice of the injury shall have been given to the association or subscriber, as soon as practical after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after. the occurrence of the same."

There was no claim made by the injured employé that he was or ever had been physically or mentally incapacitated to the extent that would prevent him making such claim. Thereupon the claim came on for consideration by the Industrial Accident Board, and the board entered its decree as set forth in the pleas in abatement. Upon the hearing of the pleas in abatement no evidence was offered by the defendants to show that the written or printed notice required by the Employers' Liability Act had been given to Poe prior to the time he received his injuries.

### Opinion.

[1, 2] Since no proof was offered upon the hearing of the pleas to support the allegation that written or printed notice had been given to Poe by the Continental Oil & Cotton Company, as required by articles. 5246x and 5246xx, Vernon's Sayles' R. S., it must be presumed that no such notice had been given. It is unnecessary to dwell upon the importance of compliance with the provisions of the law with reference to such notice and the reasons why it is required to be given. This has been done in the cases of Kampmann v. Cross, 194 S. W. 437, and Rice v. Garrett, 194 S. W. 667. Upon the authority of these cases, since such notice had not been given, Poe had the right to institute a suit in the courts against Guitar to recover damages for personal injuries. See, also, Farmers', etc., v. Shelton, 202 S. W. 194; Batson-Milhome Co. v. Faulk, 209 S. W. 837. But, while this was his privilege, we do not think Poe was limited thereto; but, if he saw fit

to do so, he could waive the provisions with reference to notice, claim the benefit of the act, and enforce against Guitar and his insurer, before the Industrial Accident Board, the liability for compensation imposed by the Employers' Liability Act. The right of employés to waive such notice was recognized in Rice v. Garrett, supra, and no sound reason occurs to this court why an employé should be deprived of the privilege of so doing. It is not to be forgotten that the act primarily is intended for the protection of employés and to guaranty compensation in case of injury or death, regardless of liability on the part of the employer under common-law or other statutory liability. The requirement that notice be given to employés is for their benefit, so that they may be advised in the premises and given the opportunity of serving or not serving a master who has availed himself of the benefits of the act. Middleton Case, 108 Tex. 96, 185 S. W. 556. In our opinion the law does not preclude an employé who has sustained injuries in the service of a master from waiving the want of such notice and enforcing before the Industrial Accident Board his claim for compensation under the act. As to some employés of a subscribing employer it might be to the interest of the master to withhold such notice and deprive them of the benefits of the act, while giving such notice to other employés, whose right and remedy would be thereby limited. Certainly it was not the intention of the act to thus allow a master, as to some employés to deprive them of the benefits of the act, and as to other employés limiting their remedy thereto. It is therefore held that the failure to give notice to Poe did not preclude him, after he had been injured, from waiving the want of notice, and he had the right to resort to the Industrial Accident Board to enforce his claim for compensation under the act. Having this right, we are of the further opinion that he waived the want of notice by claiming the benefit of the act and voluntarily presenting his claim to the board and invoking its action. In support of the views expressed, see Texas Refining Co. v. Alexander, 202 S. W. 131.

[3] The question now arises as to the effect of such waiver upon appellant's right to maintain the present suit. In this connection, appellees rely upon the doctrine that, by electing to claim under the act and enforce his right before the board, Poe, under the election of remedy doctrine, is precluded from maintaining this suit. The rule has been announced in this state that—

"In order to sustain a defense founded upon that doctrine [i. e., election of remedy], it must be made to appear that the plaintiff * * * had two valid, available, and inconsistent remedies, and that he undertook to pursue one. His supposition that he had a particular remedy and his effort to enforce it is immaterial, and does not constitute an election, unless the rem-

edy in fact existed." Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710; Brodkey v. Lesser, 157 S. W. 457.

In the note to Clark v. Heath, 101 Me. 530, 64 Atl. 913, 8 L. R. A. (N. S.) 144, it is said to be well settled that—

"If a party has in fact only one remedy, but in the mistaken belief that he has another attempts to enforce it, the doctrine of election of remedies is inapplicable, for no choice was ever open to him. * * * Another statement of the rule is that one who has mistaken his remedy is not thereby precluded from pursuing a remedy to which he is entitled, or that there can be no binding election of remedies when the party never had a right of action as at first brought."

Appellant maintains that the doctrine of election of remedies is inapplicable, for the reason that his claim and right of action was not governed by the Employers' Liability Act, in that Guitar had not given the required written or printed notice; therefore the Industrial Accident Board was without jurisdiction and its ruling void, and since such board had no jurisdiction he never had a remedy under the act, and is therefore not precluded.

The failure of the employer to give Poe the required notice is not regarded as a matter which affected the jurisdiction of the Industrial Accident Board. Upon the contrary, as held above, it is regarded as a provision in the law, for the benefit of the employé, and a matter which he could waive, and by proper proceeding fix and recover the compensation provided by the act, and that the board in such a case would be the proper tribunal to which he should resort.

Under the rule announced above, as to the election of remedies, it is doubtful whether Poe by that doctrine alone is precluded, because, when he filed his claim with the Industrial Accident Board, he had lost his right to compensation under the act by his failure to make claim within six months after the occurrence of his injury. He therefore had no available remedy before the board, but his only remedy was a suit in court to recover damages.

But if we are correct in our holding that the written or printed notice could be waived by appellant, and that he did waive it by claiming the benefit of the act, presenting his claim to the board, and invoking its action, then it follows that the parties occupy the same attitude as if notice in the first instance had been given in the manner prescribed by law, and the further conclusion would

necessarily ensue that the present suit cannot be maintained perforce of the third section, part 1, of the act (article 5246i, Vernon's Sayles' R. S.) which provides:

"The employés of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employers for damages for injuries resulting in death, but such employós and their representatives and beneficiaries shall look for compensation solely to the Texas Employés Insurance Association as the same is hereinafter provided for."

In section 1, part 4, of the act (article 5246yyy) it is provided:

"The following words and phrases, as used in this act, shall, unless a different meaning is plainly required by the context, have the following meaning: * * * 'Subscriber' shall mean any employer who has become a member of the association by paying a year's premium in advance and received the receipt of the association therefor. * * *"

The Georgia Casualty Company had issued its policy insuring Guitar as authorized by section 2, part 4 (article 5246yyy), which reads:

"Any insurance company, which term shall include mutual and reciprocal insurance companies lawfully transacting a liability or accident business within this state, shall have the same right to insure the liability to pay the compensation provided for by part one * * * of this act, and when such company issues a policy conditioned to pay such compensation the holder of such policy shall be regarded as a subscriber so far as applicable under this act; and when such company insures such payment of compensation it shall be subject to the provisions of parts one, two and four * * * and of sections 10, * * * 17 * * * and 21 * * * of part three of this act."

Since appellant waived the want of notice, and the facts showing that in all other respects Guitar had availed himself of the benefits of the act, and become a subscriber, this court is of the opinion that, independent of the doctrine of election of remedies, and under the quoted sections of the act, the appellant has no right of action for damages for personal injuries as is here asserted, and, having made such waiver, he then could "look for compensation solely to the Texas Employers' Insurance Association as the same is hereinafter provided for."

Upon the views expressed, it follows that all assignments are without merit.

Affirmed.