POE v. CONTINENTAL OIL & COTTON CO. et al. (No. 227-3403.)

(Commission of Appeals of Texas, Section B. June 1, 1921.)

1. Master and servant ☜358 — Common-law remedy in lieu of compensation available to employee without statutory notice.

Where an employer fails to give an employee notice that his industry is being operated under the Workmen's Compensation Act, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246x, 5246xx, the employee may sue for damages for personal injuries based upon common-law liability, in the absence of waiver of notice.

2. Election of remedies ☜1—Valid available remedies essential.

The doctrine of election does not apply unless the party has two valid and available remedies when he makes his election.

3. Master and servant ☜358—Common-law remedy not waived by making compensation claim after limitation.

Where an injured employee, more than six months after his injury, attempted to obtain an adjudication before the Industrial Accident Board, under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), he did not waive his right to sue at common law for want of the statutory notice, the doctrine of election of remedies being inapplicable, plaintiff, by reason of his failure to apply within the time prescribed by the act, having no valid or enforceable remedy before the Accident Board.

4. Master and servant ☜358—Application for compensation not waiver of want of notice to employee.

An attempt of an injured employee to obtain an adjudication before the Industrial Accident Board under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), after the lapse of the time al-

lowed within which to make application for compensation, is not a waiver of the employer's failure to give notice to the employee of his industry being operated under the act, want of notice being material only in event of an effort to enforce rights in the courts, and the employee not having intended to abandon his common-law remedy, but merely to get an equitable and prompt adjustment by way of compromise before the board.

**5. Master and servant ⬷⟾397—Compensation Board not a court.**

The Industrial Accident Board created by Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), is not a court, but an administrative board, where interested parties may reach amicable adjustments quickly, by way of compromise.

**6. Estoppel ⬷⟾88(1) — Effort to compromise not estoppel to assertion of rights in court.**

A mere effort to reach a compromise is not an estoppel to the assertion of one's rights in court.

**7. Statutes ⬷⟾239 — Laws depriving citizens of rights strictly construed.**

Laws depriving citizens of rights possessed by them should be strictly construed.

**8. Master and servant ⬷⟾358—Reservation before compensation board held to prevent implied waiver of common-law remedy.**

Where an injured employee agreed upon dates for a hearing before the Industrial Accident Board of his claim for compensation under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), but reserved in writing a stipulation that the agreement was made without prejudice to any rights, claims, and defenses of any party, his attempt to obtain an adjudication before the Board, which allowed a plea of limitation, was insufficient to imply a waiver of his rights to sue at common law for want of notice.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by C. C. Poe against Continental Oil & Cotton Company and others. From a judgment of the Court of Civil Appeals (211 S. W. 488), affirming a judgment for defendants, plaintiff brings error. Reversed and remanded.

J. W. Moffett and Sayles & Sayles, all of Abilene, for plaintiff in error.

Frank S. Anderson, of Galveston, for defendants in error.

POWELL, J. On June 20, 1917, C. C. Poe filed this action for damages in the sum of $15,000 in the district court of Taylor county, Tex., against John Guitar, who was doing business under the firm or trade name of Continental Oil & Cotton Company, alleging he had sustained personal injuries on October 8, 1915, while in the employ of the latter, and because of the negligence of Guitar. The petition further alleged that the injuries were sustained by Poe while operating a certain device, known as a "go-devil," for removing and conveying cotton seed.

On September 12, 1917, plaintiff in error filed his first amended original petition, naming the Georgia Casualty Company, also, as a party defendant. This latter pleading was occasioned by the original answer of the defendant. In his amended petition Poe sued as before for his damages against Guitar, basing his allegation upon the common-law liability of the latter for his injuries. In the alternative, the petition prayed for a recovery against the said Casualty Company, under the terms of the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz).

By way of replication to Poe's amended petition, the defendants filed amended pleas in abatement on February 13, 1918, the contents of which have been accurately stated by the Court of Civil Appeals, as follows:

"That on and prior to October 8, 1915, defendant Guitar was a subscriber to and a member of the Georgia Casualty Company, a corporation authorized to transact business in the state of Texas and under the provisions of the Employers' Liability Act, c. 179, Acts of Thirty-Third Legislature [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz], was authorized to insure the payment of compensation to injured employees, and that Guitar had paid a year's premium in advance, and received a receipt therefor, and the casualty company had issued to Guitar a policy of insurance, a copy of which policy was attached and made a part of the pleas; that on October 8, 1915, Poe was employed by defendant Guitar, and while acting in the course of his employment claims to have received the injuries described in his petition; that on and prior to October 8, 1915, Guitar had in all respects complied with the provisions of the Employers' Liability Act, and had given notice in writing and print to all persons under contract of hire with him, including Poe, that he had provided for payment of compensation for injuries to his employees with the Georgia Casualty Company, as provided by sections 19 and 20, pt. 3, of the act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246x, 5246xx), and that Poe had actual notice that Guitar had so provided for such payment of compensation, and thereafter continued in the employment of Guitar; that after sustaining his alleged injury the plaintiff elected to file, and filed, with the Industrial Accident Board claim against the casualty company for compensation under the terms and provisions of the Employers' Liability Act, and that thereafter Poe and the casualty company submitted the matters in dispute in respect to said claim to the Industrial Accident Board, and on January 17, 1917, said Board determined the claim upon its merits, and adjudged that the casualty company was released and discharged from the payment of compensation for the injuries alleged in plaintiff's petition, and that the judgment and order of the Board was res adjudicata and a bar to any further claim to recover compensation for the injuries declared upon by

plaintiff. The order of the Industrial Accident Board was made a part of the plea, and reads as follows:

"'January 17, 1917.

"'C. C. Poe, Employee, v. Continental Oil and Cotton Company, Employer; Georgia Casualty Company, Insurer.

"'On this, the 17th day of January, A. D. 1917, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board the claim of compensation filed with said Board by C. C. Poe against the Georgia Casualty Company, as the insurer for the Continental Oil & Cotton Company, subscriber; and,

"'It appearing to the Board that the questions involved herein have not heretofore been settled by agreement of the parties interested herein; and

"'It further appearing to the Board that the said C. C. Poe is not entitled to recover by reason of failure to make claim in the manner and within the time provided in the act;

"'It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the said Georgia Casualty Company be and the same is hereby fully released and discharged from the payment of any and all compensation by reason of the alleged injuries in the above case.'

"It was further alleged that Poe had thereby made an election of remedies, and was bound by his election and the Board's order."

The trial court heard the amended pleas in abatement on the day of their filing, sustained the same, and abated the suit. It decreed further that the defendants, and each of them, go hence without day and recover all their costs.

Before passing upon said pleas in abatement, evidence was introduced in the trial court showing the proceedings before the Industrial Accident Board in this connection. Those facts, as found by the Court of Civil Appeals, briefly stated, were: that on August 9, 1916, some 10 months after the accident, attorneys for Poe made their first attempt to obtain an adjudication before the Accident Board; that many letters were passed between said Board and the attorneys for the interested parties; that the hearing was postponed from time to time by agreement; that a decree was finally entered by the Board on January 17, 1917; that said decree released defendants from any liability, because Poe had not filed his claim within 6 months after the accident occurred; that there was no trial before said Board on the facts with reference to the merits of the case.

From the judgment of the trial court, Poe appealed to the Court of Civil Appeals, which court affirmed the judgment of the lower court. See 211 S. W. 488. Poe, in due course, filed an application in the Supreme Court for writ of error, which was granted.

[1] In disposing of the case, the Court of Civil Appeals found that Guitar had not given Poe the notice that his industry was being operated under the Workmen's Compensation Act, as required by articles 5246x and 5246xx, Vernon's Sayles' Revised Civil Statutes of Texas; that said notice was essential if Poe was to be denied the right to sue for and recover damages for personal injuries, based upon common-law liability; that the want of such notice can be waived by the injured employee at his option. We think the Court of Civil Appeals is correct in all its rulings set out above.

It will be seen, then, that Poe had a valuable right after the accident. He had the right to commence his suit under the common law at any time within two years after the accident. He certainly did not expressly waive that right. If he relinquished it at all, it was by implication to be deduced from acts and circumstances.

[2, 3] The principal contention of defendants in error was that the doctrine of election of remedies applied; that Poe had one remedy at common law and another under the Workmen's Compensation Act; that he was put upon his election; that he did elect to claim under the latter, and made an effort to obtain his rights before the Accident Board; that, by reason of the exercise of said election, he waived and forfeited his common-law rights, and could not thereafter be heard to assert them.

The Court of Civil Appeals correctly disposed of that contention by overruling it. There is some conflict in the authorities as to the application of this doctrine, where one enforceable remedy is selected and suit commenced and withdrawn before final judgment. But the higher courts are a unit in support of the proposition that the doctrine does not apply unless the claimant actually has two valid and available remedies at the time he makes his election. This rule, was clearly announced by Justice Key in the case of Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 711, as follows:

"As to the question of estoppel by election, which is the other defense relied upon, we do not feel called upon to decide whether there is such inconsistency between the two remedies—a judicial sale and a sale by trustee—as to render the doctrine of election applicable. In order to sustain a defense founded upon that doctrine, it must be made to appear that the plaintiff actually had two valid, available, and inconsistent remedies, and that he undertook to pursue one. His supposition that he had a particular remedy and his effort to enforce it is immaterial, and does not constitute an election, unless the remedy in fact existed. Morris v. Rexford, 18 N. Y. 552; Kinney v. Kiernan, 49 N. Y. 164; McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047; In re Van Norman, 41 Minn. 494, 43 N. W. 334; Gould v. Blodgett, 61 N. H. 115.

"As the debt was barred by the statute of limitation at the time Cates undertook to foreclose his lien in the former suit, he was not entitled to the relief sought, and therefore his action in that case did not constitute such elec-

tion as would cut him off from his right to have the trustee foreclose his lien, which was his only valid remedy. No error has been shown, and the judgment is affirmed."

The writ of error was denied by the Supreme Court of Texas in the case of Bandy v. Cates, supra, and it has been followed with approval in numerous cases, for instance, the case of Brodkey v. Lesser (Civ. App.) 157 S. W. 457.

Applying the above authorities to the instant case, we find that, at the time Poe's attorneys wrote their first letter to the Accident Board, he had no valid or enforceable remedy there. It had been barred by the statute of limitation for almost 4 months. Therefore Poe cannot be said to have elected a remedy he could not, under the law, enforce. This is exactly in line with the facts in the case of Bandy v. Cates, supra.

We think what we have said should dispose of the controlling point in this case; for it is equally as illogical to hold that a man would waive a valid remedy for a nonenforceable one as it would be to say that he elected an unenforceable remedy and waived a valid right. To so charge a man is to reflect upon his sanity. Such a waiver, if made at all, was at a time when it would have been without any consideration.

[4-6] After correctly disposing of the doctrine of election of remedies, the Court of Civil Appeals says:

"But if we are correct in our holding that the written or printed notice could be waived by appellant, and that he did waive it by claiming the benefit of the act, presenting his claim to the Board, and invoking its action, then it follows that the parties occupy the same attitude as if notice in the first instance had been given in the manner prescribed by law, and the further conclusion would necessarily ensue that the present suit cannot be maintained perforce of the third section, part 1, of the act. Article 5246i, Vernon's Sayles' R. S."

In this conclusion, as we view it, the court is in error. If Poe had intended to abandon his common-law remedy, then his act in attempting to obtain an adjudication would be a waiver of said want of notice. The Court of Civil Appeals seems to think that such attempt alone is to be construed as such a waiver. We do not think so. The want of notice would be material only in event of an effort to enforce rights in the courts. It is more reasonable to assume that Poe was willing to hold his common-law suit in abeyance until he could ascertain the possibility of getting an equitable adjustment before the Accident Board. He probably thought such a settlement could be had promptly. If the Accident Board can be said to be useful in any respect, it is largely as an administrative board where interested parties can reach amicable adjustments quickly. It is a field for compromise. The Supreme Court of Tex-

as, in case of Middleton v. Texas Power & Light Co., 108 Tex. 98, 185 S. W. 556, held that the board is not a court. That decision was followed by the Commission of Appeals in case of Insurance Association v. Roach, 222 S. W. 159, which latter decision overruled a number of cases cited by counsel for defendants in error, but which are immaterial in this case.

It is more reasonable to assume, then, that the Accident Board was approached by Poe only as a medium through which a compromise might be obtained. A mere effort to reach a compromise has never been held to be an estoppel to the assertion of one's rights in court. See Insurance Co. v. Calvert, 101 Tex. 128, 105 S. W. 320.

[7] We are heartily in accord with the Court of Civil Appeals at San Antonio in its statement that "laws depriving citizens of rights possessed by them should be strictly construed." See Kampmann v. Cross (Civ. App.) 194 S. W. 437. This Workmen's Compensation Act was under discussion there.

[8] Not only was there no express waiver by Poe of his common-law rights, but in two instances, when agreeing upon dates for the hearing before the Board, he reserved in writing the following: "This agreement is made without prejudice to any rights, claims, and defense of any party." In the face of this express reservation, we fail to see how any one could think Poe was waiving his common-law rights. That should have been sufficient to overcome any implied waiver, no matter how strong the facts. It seems to us it would certainly do so in this case, where the only action from which such a waiver could be implied was an attempt on Poe's part to obtain an adjudication before the Accident Board. Such evidence of waiver is insufficient. If it is to be implied at all where the doctrine of election of remedies does not apply, then it must be upon additional and more convincing circumstances than the one present in this case.

The utter injustice that would result from the decision of the lower courts in this case cries out to us in ringing tones. Here was an employee who had been injured. He had one valid common-law remedy which was a valuable right. The defendants in error want the courts to say that he waived that most valuable right and submitted himself to the Accident Board; where, after they have succeeded in getting him that far along, he is met, not with a fair, square trial upon the merits of the case, but is confronted with a technical plea of limitation. He really gets no trial upon the merits. In other words, defendants in error would deprive this man of a chance to see whether any one should compensate him for his injuries. The courts should be slow in laying down any such rule. Whenever it is possible, injured parties must be accorded their chance to be compensated. If, under the facts, one theory in connection

with an alleged waiver is as plausible as the other, then the courts should find in favor of the theory which preserves to a man his valuable rights. Employees who exercise due care in the discharge of their duties have already been deprived of many of their former rights in court by the enactment of this Workmen's Compensation Statute. The courts will not be too ready to take away any more by judicial construction. We think Poe still had his right to prosecute his common-law suit against Guitar, if the want of notice is still apparent upon another trial.

Therefore, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for another trial not inconsistent herewith.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission on the question discussed in its opinion.