McWHORTER et ux. v. AMERICAN NAT. LIFE INS. CO.

No. 3402.

Court of Civil Appeals of Texas. Beaumont.

March 2, 1939.

W. C. McClain and Ned Wallace, both of Conroe, for appellants.

Crawford & Crawford, of Conroe, for appellee.

O'QUINN, Justice.

This suit was originally filed by T. A. McWhorter and wife against the American National Life Insurance Company, in the district court of Montgomery County, Texas, in trespass to try title to two tracts of land aggregating 3,944 acres of land, and seeking to set aside and cancel a certain. deed of trust by virtue of which appellee claimed title to said land.

Appellee, American National Life Insurance Company, answered by general demurrer, general denial and cross-action. In its cross-action it alleged that on June 1, 1931, it conveyed to appellants the land in question and took as part consideration therefor one vendor lien note in the sum of $10,875, payable to its order five years after date, bearing interest after date at the rate of 7%, interest payable annually, and providing an additional 10% if collected by suit or through probate court proceedings, all payable at its office in Galveston, Texas. That on said date, June 1, 1931, said appellants as further security for the payment of said note, executed and delivered to appellee their deed of trust covering said land, setting out the vendor lien note which retained the vendor's lien on said land to secure its payment and also setting out the deed of trust given by appellants covering the land as additional security. It prayed for judgment for its debt as evidenced by said note and deed of trust, for foreclosure of its vendor's lien retained in the note, and foreclosure of its deed of trust lien, and for costs.

Cross defendants, T. A. McWhorter and wife, answered the cross-action of appellee and plead that appellee was estopped to assert its vendor's lien as retained in its said note and pray for foreclosure of same for in that it had three existing and inconsistent remedies, to wit: one to foreclose its vendor's lien as retained in the said note, by judicial proceedings, and one to foreclose its deed of trust lien given to secure payment of the promissory note; in the manner provided in said deed of trust, and one to foreclose its deed of trust lien by judicial proceedings, and that with full knowledge of its said existing and available remedies, on, to wit: April 2, 1935, it elected to foreclose its said deed of trust lien in the way and manner therein provided, and caused the land to be advertised and sold and at the sale bought in the land and received a deed thereto from the trustee which said deed was accepted and placed of record. That having elected to avail itself of said remedy, it could not now ignore its said action and resort to another of its said remedies for further enforcement of its said rights. That on said date, April 2, 1935, appellee had its said three existing and available remedies, and did then exercise its choice of remedies and elected to foreclose its deed of trust lien and did then and there have the trustee to advertise and sell the land in controversy, and bought in said land at said sale, and did accept and receive said deed, and to permit appellee to now assert and foreclose its vendor's lien as retained in said note would permit appellee to have a double foreclosure. They further answered that appellee by its election to foreclose the deed of trust by having the trustee to advertise and sell the land as provided in the deed of trust had waived its right to resort to any other of its said remedies to make its debt out of the .land, and was therefore estopped to ask for affirmative relief by the foreclosure of its vendor's lien on the land.

Pending the trial, appellants, McWhorter and wife, asked for and were permitted to take a non-suit. Appellee insisting upon its plea for affirmative relief, the case proceeded to trial on its cross-action. Both parties announced ready and the case was tried to the court without a jury, and judgment rendered in favor of it for the amount of its debt evidenced by the note, and for foreclosure of its vendor's lien. Motion for a new trial was overruled and we have the case for review.

On June 1, 1931, appellee, American National Bank, conveyed to appellants, T. A. McWhorter and his wife, Helen Ripy McWhorter, two tracts of land aggregating 3944 acres of land, situated in Montgomery County, Texas, and said T. A. McWhorter and his said wife, Helen Ripy McWhorter, in part consideration therefor executed and delivered to said bank their one certain promissory note in the sum of $10,875 payable to the order of said bank five years after date, and bearing seven per cent interest payable annually. This note retained the vendor's lien on said land to secure its payment. On said date the McWhorters executed a deed of trust covering said land to additionally secure the payment of said consideration note. The McWhorters having made default in the payment of the note, at the request of the bank, the trustee advertised and sold the land at trustee's sale, on April 2, 1935, at which sale the bank bid in the land for $5,000, and the trustee executed and delivered to the bank his trustee's deed to the land. This deed was placed of record April 15, 1935, by the bank. On January 2, 1937, appellants filed this suit in trespass to try title and to set aside the trustee's sale of the land and to cancel the trustee's deed to the bank executed by virtue of the deed of trust and the sale of the land thereunder.

■ We think the case will have to be reversed. (a) Because when appellee caused the trustee to advertise and sell the land and same was bought in by appellee on its bid of $5,000, and the trustee executed his deed conveying the land to it, the title to the land then and there passed into appellee. When appellants brought suit attacking the sale and prayed for the cancellation of this deed, but later in the trial took a non-suit, that removed the attack which had been made on the deed and left it as though the suit had never been filed. In that state of the facts, the title to the land being in appellee there was no right or title in appellants to the land upon which foreclosure could be had. It was asking for a foreclosure upon its own property. The security for the payment of the note afforded by the land had already been exhausted by the foreclosure of the deed of trust lien. If appellants had prosecuted their suit and succeeded in having the deed cancelled, then in that event appellee, under proper pleading and

prayer for relief, could have asked for judgment for its debt and a foreclosure of its vendor's lien, for the cancellation of the trustee's deed would have left the land still subject to the debt.

■ (b) After appellants took their non-suit, the title to the land by virtue of the sale under the deed of trust passing to appellee, and not then being challenged, the cross plea for judgment for its debt and foreclosure of its vendor's lien by appellee was subject to appellants' plea of estoppel on the ground that appellee had elected to assert its right by having the trustee to advertise and sell the land as was done. When appellants defaulted in the performance of their contract, appellee had three separate existing and equally available remedies for the enforcement of its right of payment of the note. By foreclosure of its note in a judicial proceeding; or by foreclosure of its deed of trust lien by judicial proceedings; or by foreclosure of its deed of trust lien in the manner provided in the deed of trust, which last it chose to and did exercise. These remedies were each existing, available and effective, and were inconsistent, and so when appellee exercised its choice and foreclosed its deed of trust lien in the manner provided in the deed of trust, it could not then resort to another of the remedies. Avery & Sons v. Texas Loan Agency, Tex.Civ.App., 62 S.W. 793; Bandy v. Cates, 44 Tex.Civ.App. 38, 97 S.W. 710; Ward v. Green, 88 Tex. 177, 30 S.W. 864; Cameron v. Hinton, 92 Tex. 492, 49 S.W. 1047; Gandy v. Cameron State Bank, Tex.Civ.App., 2 S.W.2d 971; Sabine Motor Co. v. English Auto Co., Tex.Com.App., 291 S.W. 1088, 1092; Holland T. H. Bank v. Broocks, Tex.Civ. App., 266 S.W. 183, 187.

The case will be reversed and remanded for further proceedings, and if then an attack is made upon the validity of the sale under the deed of trust, and cancellation of the trustee deed is prayed appellee will have the right to plead, in the alternative, for judgment for its debt and foreclosure of its vendor's lien, in the event the trustee's sale is held invalid and the deed cancelled, for in that event the debt will still exist and the lien will be available to secure its payment.

The judgment is reversed and the cause remanded.